J-S53038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY MATEER, | : | |
| | : | |
| Appellant | : | No. 419 MDA 2015 |

Appeal from the Order entered on September 24, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0000181-1999

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 29, 2015**

Gary Mateer ("Mateer") appeals, *pro se*, from the Order dismissing his Petition for Writ of *Habeas Corpus*. We affirm.

On May 13, 1999, Mateer pled guilty to aggravated assault and criminal conspiracy. On September 16, 1999, the trial court sentenced Mateer to an aggregate sentence of seven and one-half to twenty years in prison, followed by twenty years of probation. Mateer did not file a direct appeal. Mateer filed Petitions pursuant to the Post Conviction Relief Act ("PCRA")[1] in September 2000 and March 2001. These Petitions were denied.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On September 5, 2014, Mateer filed a Petition for Writ of *Habeas Corpus*. On September 24, 2014, the Petition was dismissed. Mateer filed a Notice of Appeal.[2]

Mateer has set forth numerous questions in his Statement of Questions Involved. **See** Brief for Appellant at 2. To summarize, Mateer contends that the mandatory minimum sentence imposed against him under 42 Pa.C.S.A. § 9712.1 was illegal based upon the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013).[3] **See** Brief for Appellant at 7-16.

Preliminarily, we note that any petition filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the PCRA. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011). It is well-settled that the PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim. **See Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013); **see also** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all

---

[2] Mateer's Notice of Appeal was docketed on November 24, 2015, well outside thirty days of the underlying Order. **See** Pa.R.A.P. 903(a). Mateer explains that he filed a Notice of Appeal on October 15, 2014, but mistakenly sent the Notice to the trial court judge. Because it appears Mateer attempted to timely file his Notice, we decline to quash the appeal.

[3] The **Alleyne** Court held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155, 2163.

other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus*."). In his Petition, Mateer challenges the legality of his sentence. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that issues pertaining to **Alleyne** raise a legality of sentence challenge). Because Mateer filed his Petition after his judgment of sentence became final, and the PCRA provides a remedy for his claim, the Petition should have been treated as a PCRA Petition.

Our standard of review regarding a dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011).

We observe that all PCRA petitions, including second or subsequent petitions, must be filed within one year of the defendant's judgment of sentence becoming final. **See** 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id**. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Mateer's judgment of sentence became final in October 1999, after the time to seek review with this Court had expired. Thus, Mateer's September 2014 Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition where the defendant can explicitly plead and prove one of three exceptions set forth in the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Mateer does not explicitly invoke any of the timeliness exceptions in either his Petition or his appellate brief. *See Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (stating that "*it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies." (citation omitted, emphasis in original)). While Mateer fails to invoke a timeliness exception, he does challenge the legality of the sentence based upon the *Alleyne* decision. Brief for Appellant at 7-16.[4]

It is well-settled that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737

---

[4] It is unclear from the record whether the trial court imposed a mandatory minimum sentence on Mateer. *See* PCRA Court Opinion, 9/25, at 1 n.2 (stating that there was no mention of a mandatory sentence during the guilty plea); 3 (stating that the sentence was "substantially in excess of the mandatory minimum sentence required by law.").

A.2d 214, 223 (Pa. 1999); **see also Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014). Accordingly, because Mateer did not plead or prove any of the exceptions to the PCRA's jurisdictional time bar, we cannot address his legality of sentence challenge. **See Fahy**, 737 A.2d at 223.[5]

Based upon the foregoing, we conclude that the PCRA court properly dismissed Mateer's Petition, although we do so on grounds other than those set forth by the PCRA court. **See Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014) (stating that "we may affirm the PCRA court's decision on any basis.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015

---

[5] Even if Mateer properly invoked the new constitutional right exception, he failed to file his Petition within 60 days of June 17, 2013, the date on which the Supreme Court issued the **Alleyne** decision. **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that to fulfill the 60-day requirement, defendants need to file their petitions within 60 days from the date of the court's decision). Moreover, **Alleyne** is not retroactive to cases where the judgment of sentence was final. **See Miller**, 102 A.3d at 995 (stating that neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final); **see also Commonwealth v. Riggle**, 2015 PA Super 147, at *3-6 (Pa. Super. 2015). Thus, Mateer would not satisfy the statutory exception at section § 9545(b)(1)(iii).